No counsel appeared for the plaintiff in review.

*B. Dean,* for the defendants in review.

Asa Sawyer & another *vs.* John J. Haley & another.

Two insolvent partners, who, upon the superseding of proceedings in insolvency against them by the consent of all parties interested, have released their assignees in insolvency from " all debts, demands, actions and causes of action, and from all contracts, liabilities, doings and omissions in any way connected with or relating to " the proceedings in insolvency, cannot afterwards maintain an action against the assignees for a part of the property assigned to, and not accounted for by them ; even if the assignees, contemporaneously with the release, executed an assignment of all such property to one of the debtors.

Action of contract for money had and received.   Answer, a release executed by the plaintiffs, by which, after reciting that proceedings had been commenced against the plaintiffs, that the defendants, Haley and Bayley, had been appointed assignees of their joint and separate estates, and, as such, had partially administered the same ; that the plaintiffs had effected a compromise with their creditors, by which said proceedings had been stayed and vacated, and their estates remaining in the hands of the defendants had been appropriated as agreed by all parties in interest, and a part of which arrangement was " that the said assignees should have a full absolute release and discharge from all liability and responsibility and accountability for or on account of all matters and things connected with said insolvent proceedings, their acts and doings as such assignees, and the property and

assets which have been in their hands as such assignees;" the plaintiffs " do remise, release and forever discharge the said Bayley and Haley, both jointly and severally, from all debts, demands, actions and causes of action, which we or either of us now have, in law or equity, against them or either of them, and from all contracts, liabilities, doings and omissions, in any way connected with or relating to any and all the matters and things aforesaid," except a certain bond not material to this case. At the end of this release was added a further agreement of the plaintiff Sawyer, " as a part of the general terms of said settlement," to pay all costs and expenses of the assignees in any pending suits to which they were parties.

Replication, that at the time of the giving of the release, and as part of the same transaction, the defendants executed an assignment purporting to convey to Sawyer " all our right, title, interest and estate, in and to all and singular the property, real and personal, choses in action, leases and accounts, and all other property, which ever came into our hands as the joint property of said firm, and in and to all and singular the proceeds thereof ; except however such part thereof as has been disposed of agreeably to law." The replication further averred that the defendants as such assignees never accounted for the money now sued for, and never disposed of the same agreeably to law.

At the trial in the court of common pleas, there was evidence of the facts stated in the replication. But *Mellen*, C. J., ruled that the release was a bar to this action, the jury returned a verdict for the defendants, and the plaintiffs alleged exceptions.

*A. E. Giles*, for the plaintiffs.

*H. F. Durant*, for the defendants.

SHAW, C. J. The sums claimed were received by the defendants as assignees, and, of course, not to the use of the insolvents at the time, but to be administered according to law. The gravamen of their complaint now is, that the defendants in their capacity as assignees omitted to debit themselves in their account with the debts thus rightfully collected. This very liability arising from such omission is released. It would seem

that both insolvents and creditors were content to settle on such accounts and statements, perhaps informal, as the assignees had then made, and were willing to take things as they stood, and release them from accounting. The assignees may have omitted to credit, as well as to debit themselves with particular items; and it might well happen that, if an exact account were taken, the items in question might have been offset and balanced by items to their credit. Whatever the motive might be, the effect of the release was to discharge the assignees, whether, upon a full account, there would be any balance due from them, or not. One of the plaintiffs, also, by a supplement to the release, stipulates to pay the assignees all costs they may be liable to pay on account of suits commenced by them.

But the plaintiffs rely on an assignment made on the same day by the assignees to one of the plaintiffs, of all the real and personal property, choses in action, and the proceeds thereof, except such parts thereof as may have been disposed of according to law.

This assignment does not in any respect counteract or affect the release. This reassignment is only to one of the plaintiffs. If he has any remedy, it is upon this assignment. If it creates a liability to account, he may still show that he has disposed of these sums now claimed, according to law. So if it were a reassignment to both, though it be admitted that the release and the assignment were parts of one and the same transaction, it does not defeat the release, because they are not repugnant, but may well stand together. Even, therefore, if there was any liability on the part of these defendants, the assignees, to the plaintiffs, if any promise may be implied by law to pay the money to them, it was released, and therefore this action for money had and received cannot be maintained.

*Exceptions overruled.*